WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM THE HARJU COUNTY COURT IN TALLINN, ESTONIA IN THE MATTER OF KERT KAOKULA V. GODADDY.COM LLC | No. MC-22-00056-PHX-MTL<br><br>**EX PARTE ORDER** |

The United States Department of Justice has received a request for international judicial assistance from the Harju County Court in Tallinn, Estonia ("Harju County Court"). The Department of Justice, pursuant to 28 C.F.R. § 0.49(c), forwarded this request to the United States Attorney's Office for the District of Arizona. Pending before the Court is the United States Attorney's Ex Parte Application for Order Pursuant to 28 U.S.C. § 1782(a) ("Application"), in which the United States Attorney requests that the Court grant the request for judicial assistance (Doc. 1).[1]

**I.**

This request for judicial assistance arises from the Harju County Court's adjudication of *Kert Kaokula v. GoDaddy.com LLC*, Foreign Reference Number 2-21-137. In that case, plaintiff has alleged that an unknown individual used GoDaddy.com

---

[1] "[L]etters Rogatory are customarily received and appropriate action taken with respect thereto ex parte" as the "witnesses can . . . raise objections and exercise their due process rights by motions to quash the subpoenas." *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (alternations omitted). The Court therefore considers the request for judicial assistance ex parte and without a response from GoDaddy.com LLC.

("GoDaddy") to create a website entitled "kitsed.com." Plaintiff contends that the owner of kitsed.com used this website to publish incorrect information about him in violation of Estonian law. (Doc. 1-2 at 2.) The Harju County Court requested that GoDaddy voluntarily disclose information that would uncover the identity of the individual that created this website, and requested that GoDaddy submit: the website creator's IP-address, name, personal code, place of residence, email, phone number, bank payment details, and credit card information. (*Id.* at 3.) GoDaddy refused the Harju County Court's request, and in response, the Harju County Court filed this request for judicial assistance. (*Id.* at 2.) To facilitate the Harju County Court's request, the United States Attorney is seeking to have the Court appoint Assistant United States Attorney Brock Heathcotte as a Commissioner of the Court for the purpose of subpoenaing GoDaddy for the above information.

## II.

Both the United States and Estonia are signatories of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention").[2] Pursuant to the Hague Evidence Convention each signatory nation may use the judicial process of another signatory nation to facilitate requests for judicial assistance. *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa,* 482 U.S. 522, 524 (1987) (noting that the Hague Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state"); *see also* Hague Evidence Convention, pmbl. Furthermore, 28 U.S.C. § 1782(a) gives the district court the authority to grant a request for judicial assistance, and provides that the Court may "order [an individual] to give his testimony or statement or to produce a document or other thing for use in a foreign or international tribunal" if the "order [is] made pursuant to a letter rogatory issued, or request

---

[2] *See Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters,* available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited (February 21, 2023).

made, by a foreign or international tribunal[.]" *Id.*

To make a prima facie showing that the Court has the authority to adjudicate a request for judicial assistance under 28 U.S.C. § 1782, the moving party must show that the application was made "(1) by a foreign or international tribunal or any interested person, (2) that it be for use in a proceeding in a foreign or international tribunal, and (3) that the person or entity from whom the discovery is sought be a resident of or be found in the district in which the application is filed." *In re Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998) (quotations omitted). First, the application for judicial assistance was made by a foreign tribunal as it has come directly from the Harju County Court in Tallinn, Estonia. (Doc. 1-2 at 1.) Second, the application was made regarding evidence to be used in *Kert Kaokula v. GoDaddy.com LLC*, a case currently pending before the Harju County Court. (*Id.*) Finally, the application was properly submitted in this Court as GoDaddy is headquartered in Tempe, Arizona. (Doc. 1-4 at 2.) All of the requirements of 28 U.S.C. § 1782 have therefore been met, and this Court has the authority to adjudicate the Harju County Court's request for judicial assistance.

Even when the procedural requirements of 28 U.S.C. § 1782 have been met, § 1782 "leaves the issuance of an appropriate order to the discretion of the court[.]" *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260–61 (2004). In exercising this discretion, and determining whether it is appropriate to compel the production of evidence, the Court is tasked with weighing the following four-factors:

> (1) [W]hether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the requested information is unduly intrusive or burdensome.

*In re Request for Jud. Assistance from the Dist. Ct. in Svitavy, Czech Republic*, 748 F. Supp. 2d 522, 525 (E.D. Va. 2010) (citing *Intel Corp.*, 542 U.S. at 264).

Under the first factor, "the true question at hand is whether the requested discovery

is available to the foreign tribunal without the assistance of this Court." *Svitavy,* 748 F. Supp. 2d at 526. Here, GoDaddy is outside the jurisdiction of the Harju County Court as GoDaddy's corporate headquarters is located in Tempe, Arizona. As such, the Harju County Court will be unable to obtain the requested information from GoDaddy absent this Court's intervention, tilting this factor in favor of granting the Application.

Second, the request for judicial assistance has come directly from the Harju County Court pursuant to the United States' and Estonia's participation in the Hague Evidence Convention. For this reason, it is clear that "the [Harju County] Court is receptive to the assistance of this Court, considering that the Request for Judicial [Assistance] was initiated by the [Harju County] Court itself, not by a litigant operating independently." *Id.* at 527. This factor therefore weighs in favor of granting the Application.

Third, "the fact that the request was initiated by the [Harju County] Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent [Estonian] discovery rules or [Estonian] policy." *Id.* at 529 (citation omitted). Thus, this factor further weighs in favor of granting the Application.

Finally, the evidence requested by the Harju County Court does not appear to be unduly burdensome or intrusive. Here, the Harju County Court is requesting information from GoDaddy that will make it possible to identify the creator of kitsed.com. This requested information includes the website creator's: IP-address, name, personal code, place of residence, email, phone number, bank payment details, and credit card information. This is the type of information that is collected in the ordinary course of business, and it should not be overly burdensome or intrusive for GoDaddy to supply this information to the Harju County Court.

In sum, the Court finds that the United States Attorney has shown that the application for judicial assistance has been properly presented before the Court pursuant to 28 U.S.C. § 1782. Moreover, the Court finds that the discretionary factors enunciated in *Intel Corp.* weigh in favor of granting the Application. For these reasons, the Court will appoint Assistant United States Attorney Brock Heathcotte as Commissioner of the Court

for the purpose of subpoenaing the requested materials from GoDaddy, and having said information transmitted to the Harju County Court.

### III.

Accordingly,

**IT IS ORDERED granting** the United States Attorney's Ex Parte Application for Order Pursuant to 28 U.S.C. § 1782(a) (Doc. 1).

**IT IS FURTHER ORDERED** that Assistant United States Attorney for the District of Arizona Brock Heathcotte is appointed Commissioner of the Court for the purpose of subpoenaing the requested evidence from GoDaddy.com LLC for transmission to the Harju County Court in Tallin, Estonia in the case of *Kert Kaokula v. GoDaddy.com LLC*, and to do all else that may be necessary for the accomplishment of the purpose of this Order.

**IT IS FINALLY ORDERED** that the United States Attorney's Office shall provide GoDaddy.com LLC in Tempe, Arizona with a copy of this Order and the accompanying documents.

Dated this 22nd day of February, 2023.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

**CC: U.S. Attorney's Office**